Perrine v. Little.

---

### STEPHEN PERRINE v. WILLIAM LITTLE.

Where a party was present at the time of the trial, and contested the suit, but left the place of trial before the jury returned into court, so as not to be present when the justice rendered judgment on the verdict, this is not such a judgment in the absence of the defendant, as to give him the right to the writ of certiorari. His remedy is by appeal to the Common Pleas.

This was an action of debt brought in the court for the trial of small causes, by William Little against Stephen Perrine. On

Perrine v. Little.

the return of the summons, the plaintiff appeared in person, and the defendant by attorney. The cause was adjourned, and on the adjourn day, the parties appeared as before, and a jury was impanelled and sworn. The cause was tried, and a verdict rendered in favor of the plaintiff. The entry made by the justice is in these words, " whereupon I gave judgment for the plaintiff, for the sum of eighty-four dollars and fifty-three cents, debt, with four dollars and eighty-four cents costs, in the absence of the defendant. It appeared further from the transcript, that during the trial the attorney for the defendant raised several objections, and moved the court to charge the jury, which were resisted by the plaintiff, and overruled by the justice. The proceedings were removed into this court by certiorari; and on the return of the writ, a rule alleging diminution was granted. The justice made return to the rule, " that neither the defendant nor his attorney, nor any other person for him was present at the rendering of the judgment, as his attorney left the place of trial, previous to the jury returning into court."

*J. F. Randolph* moved to reverse the judgment. 1st. Because the statement of demand was defective. 2d. Because the justice refused to charge the jury.

*Wall* for the defendant in certiorari contended, that this was a case, in which the proceedings could not be removed into this court by certiorari. The party had his remedy by appeal to the Court of Common Pleas. The defendant appeared by his attorney at the time of the trial, and contested all the points in the cause. The amended return of the justice shews indeed, that the defendant was not present at the time of the rendition of the judgment, yet this is not that kind of absence mentioned in the act constituting the court for the trial of small causes, and which gives the party the right to the writ of certiorari. He cited, sec. 16, of the act, *Rev. Laws*, 640., and insisted, that the true meaning of the section was, that when the party had not had the benefit of a trial, and the opportunity of making defence by his absence from the court, then he was entitled to the writ of certiorari.

*Randolph* in reply, cited 5 *Halst. Rep.* 286, and insisted, that the judgment was rendered in the absence of the defendant, or his attorney, and that the proper remedy was a writ of certiorari.

Branson *v.* Shinn.

BY THE COURT.   We are unanimously of the opinion, that a certiorari will not lie in this case.   It is not within the meaning of the statute.   The defendant by his attorney was at the trial, moved the justice to charge the jury, raised several objections, and had a full opportunity to make his defence.   He did not leave the place of trial, until the jury had retired, and if he was not present at the time of rendering the judgment, it is not such an absence within the meaning of the sixteenth section of the small cause act, as to give him the right to the writ of certiorari.   His remedy, if he conceived himself aggrieved by the judgment, was by an appeal to the Common Pleas.   If there had been an adjournment for deliberation on the part of the justice, then the case cited from 5 *Halst. Rep.* 286, might have applied.

CITED in *Randolph* v. *Underhill*, 2 *Harr.* 455, 457.